UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ESTHER VENTURA DE RENDÓN and
JUAN MARÍA RENDÓN GUTIÉRREZ,

    Petitioners,

v.

VIVIANE VENTURA and MICHAEL D.
VENTURA,

    Respondents.
_____/

### RESPONDENT'S NOTICE OF REMOVAL

Respondent, Viviane Ventura files this Notice of Removal and removes to this Court the civil action captioned *Esther Ventura De Rendón and Juan María Rendón Gutiérrez v. Viviane Ventura and Michael D.Ventura*, Case No. 17-021599 ("State Court Action") originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Specifically, Respondent removes this action based on the following grounds: (i) under 9 U.S.C. §§ 202 and 205 this dispute arises from a "non-domestic" arbitral award issued in an arbitration proceeding between citizens of foreign states and is therefore, subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9. U.S.C § 201, *et. seq.;* and (ii) pursuant to 28 U.S.C. §§ 1331 and 1441(a) and 9 U.S.C. § 203 this Court has

original subject matter jurisdiction over the non-recognition or enforcement of an arbitration award subject to the New York Convention.[1]

## Factual and Procedural Background

1. Petitioners, Esther Ventura De Rendón and Juan María Rendón Gutiérrez, filed a Petition to Confirm International Arbitration Award ("Petition to Confirm"), on September 6, 2017, initiating the State Court Action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is embraced by this district and division.

2. In compliance with 28 U.S.C. § 1446(a), attached as Exhibits "1" through "17" to this Notice of Removal is a copy of Petitioners' Petition to Confirm, filed in the State Court Action, together with all exhibits, civil cover sheets, pleadings and orders filed thus far.

3. To date, only one of the Respondents, Viviane Ventura, was properly served with notice of the State Court Action on November 13, 2017.

4. In the State Court Action, Petitioners seek to confirm a final non-domestic arbitral award falling under, and governed by, the New York Convention, 9. U.S.C § 201, *et. seq.* The final arbitral award dated April 27, 2016, was issued by the International Court of Arbitration of the International Chamber of Commerce in an

---

[1] This is premised on the facts set forth by Petitioners in the Petition to Confirm International Arbitration Award ("Petition to Confirm"), dated September 6, 2017, which states that Petitioners are "foreign citizens and residents of Lugano, Switzerland." *See* ¶ 3. However, we note that the Award describes Petitioners as residents of Bogota, Colombia, without mentioning their place of citizenship. To the extent that Petitioners are indeed citizens of Switzerland, then the New York Convention is applicable. On the other hand, if Petitioners are citizens of Colombia, then the Inter-American Convention on International Commercial Arbitration ("Panama Convention") would apply.

arbitration proceeding conducted in Bogota, Colombia in Case No. 19728/ASM (the "Award"). The Award, which is in favor of Petitioners and against Respondents, is attached as Exhibit "A" to the Petition to Confirm. *See* Exhibit 2-A to the Notice of Removal.

## Grounds for Removal

5.   Removal of the State Court Action is proper under 9. U.S.C § 205, which provides that a defendant may remove to federal court an action or proceeding pending in state court related to an arbitral award falling under the New York Convention. Pursuant to 9. U.S.C § 202, an arbitral award falls under the New York Convention when it is between citizens of foreign states, "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." The Eleventh Circuit has held that the New York Convention applies to awards "not considered as domestic" in the state where the enforcement is sought; in the United States, this includes awards "not entirely between citizens of the United States." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1440-41 (11th Cir. 1998).

6.   Here, the Award is non-domestic because Petitioners, Esther Ventura De Rendón and Juan María Rendón Gutiérrez, are both foreign citizens and residents of Lugano, Switzerland and Respondents, Viviane Ventura and Michael D. Ventura, are citizens of the United States and the United Kingdom, respectively. Further, the Award concerns business and corporate relationships with Laboratorios LaFrancol, S.A., a Colombian entity, and its affiliates.

7.   Removal of the State Court Action is also proper under 28 U.S.C. § 1441(a), which provides that a state court action may be removed to the federal court with

original jurisdiction embracing the place where the action is pending. Pursuant to 9 U.S.C. § 203, this Court has original jurisdiction over the State Court Action because it falls under the New York Convention and according to 28 U.S.C. § 1331, arises "under the Constitution, laws, or treaties of the United States."

8. As recognized by courts in this circuit, actions to recognize or enforce a non-domestic award fall "exclusively" under the New York Convention and are thus governed by federal law. *Costa v. Celebrity Cruises, Inc.*, 768 F. Supp. 2d 1237, 1240 (S.D. Fla. 2011), *aff'd*, 470 F. App'x 726 (11th Cir. 2012). ("The Convention and Chapter 2 of the FAA exclusively govern an arbitration between a citizen of the United States and citizens of a foreign country.")

9. Petitions to vacate non-domestic awards, being the flip side of an action for recognition, also fall under the New York Convention. In *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, the Eleventh Circuit made it clear that it has subject-matter jurisdiction to hear *vacatur* motions. 141 F.3d 1434, 1441 (11th Cir. 1998) (finding federal subject-matter jurisdiction over a motion to vacate a non-domestic award rendered by a tribunal seated in Tampa, FL). *See also Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, No. 16-24275-CIV-MORENO, 2017 WL 1737648, at *3 (S.D. Fla. May 2, 2017) (noting it would not "split hair" between confirming and vacating an award and finding subject-matter jurisdiction to hear a motion to vacate a non-domestic award rendered in Miami, FL).

## Compliance with the Removal Statutes

10. Respondent has complied with the procedural requirements for removal, namely: (i) this action has been removed to the appropriate court as per 28 U.S.C.

§ 1441(a) as this Court is within the district and division where the State Court Action is pending; (ii) removal is timely under 9 U.S.C. § 205 as Respondets may remove the State Court Action at any time before trial in the underlying action; (iii) the removal is also timely under 28 U.S.C. § 1446(b)(1) because Respondent filed it within 30 days after receipt of the initial pleading, which was filed in state court on September 6, 2017, and served on Respondent, Viviane Ventura on November 13, 2017; (iv) removal complies with the requirement of 28 U.S.C. § 1446(b)(2)(A) in that all respondents who have been properly served join the removal; (v) this Notice of Removal was served upon counsel for Petitioners and a copy of this notice will be filed with the state court from which the case was removed in compliance with 28 U.S.C. § 1446(d); and (vi) copies of all state-court "process, pleadings, and orders served upon" Respondents are attached as exhibits in compliance with 28 U.S.C. § 1446(a).

## **Non-Waiver of Defenses**

11.     Respondent, by removing the State Court Action, does not waive any available defenses or other rights or admit any of the allegations made in Petitioners' Petition to Confirm.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 –   (305) 789-8900

Dated this 4th day of December, 2017.

                      Respectfully submitted,

                      By: */s/ Luis O'Naghten*
                      **BAKER & MCKENZIE LLP**
                      Luis O'Naghten
                      Florida Bar No.: 622435
                      William V. Roppolo
                      Florida Bar No. 182850
                      Jessica Marroquin
                      Florida Bar No.: 105360
                      1111 Brickell Avenue, Suite 1700
                      Sabadell Financial Center
                      Miami, Florida 33131
                      Tel.: (305) 789-8900
                      Fax: (305) 789-8953
                      luis.onaghten@bakermckenzie.com
                      jessica.marroquin@bakermckenzie.com

                      *Counsel for Viviane Ventura*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                      By: */s/ Luis O'Naghten*
                          Luis O'Naghten

## SERVICE LIST

**ESTHER VENTURA DE RENDÓN and
JUAN MARÍA RENDÓN GUTIÉRREZ,**
v.
**VIVIANE VENTURA and MICHAEL D.
VENTURA,**

Case No.: _____

Counsel for Petitioners

Carlos F. Concepción
Adrian Nuñez
Jones Day
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Fax: (305) 714-9799
Email: cconcepcion@jonesday.com
Email: anunez@jonesday.com

522584-v1\MIADMS