UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-24380-MORENO/TURNOFF

ESTHER VENTURA DE RENDÓN and
JUAN MARÍA RENDÓN GUTIÉRREZ,

      Petitioners,

v.

VIVIANE VENTURA and MICHAEL D.
VENTURA,

      Respondents.

_____/

**PETITIONERS' MOTION FOR ENTRY OF FINAL JUDGMENT
INCLUDING AWARD OF PREJUDGMENT INTEREST
AGAINST RESPONDENT VIVIANE VENTURA**

    Petitioners Esther Ventura de Rendón and Juan Maria Rendón Gutierrez (collectively, "Petitioners") move this Court for entry of final judgment against Respondent Viviane Ventura ("Viviane Ventura" or "Respondent") on their Petition to Confirm International Arbitration Award ("Petition") [D.E. 1-3]. In support hereof, Petitioners state:

**INTRODUCTION**

    Petitioners have complied with all requirements under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"), implemented pursuant to 9 U.S.C. § 201 *et seq.*, for recognition and enforcement of the final award ("Award") issued by the International Court of Arbitration of the International Chamber of Commerce ("ICC") on April 27, 2016 in Bogotá, Colombia under Case No. 19728/ASM. No objections to confirmation under Article V of the New York Convention have

been filed and, as such, pursuant to 9 U.S.C. § 207, this Court should confirm the Award and enter final judgment in favor of Petitioners and against Respondent Viviane Ventura.

## MEMORANDUM

### A. All Requirements for Confirmation are Satisfied.

#### 1. Petitioners have Complied with Article IV of the New York Convention.

Along with their Petition, Petitioners filed a certified copy of the Award attaching certified copies of the underlying settlement agreements containing the arbitration clauses.  D.E. 1-3 at 8-139 (Award), 142-184 (agreements with certified translations); D.E. 1-13 (certified translation of Award).  Thus, Petitioners have satisfied all requirements under Article IV of the New York Convention for recognition and enforcement of their Award.

#### 2. Confirmation and Final Judgment Should be Entered.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  The New York Convention and Federal Arbitration Act create a presumption in favor of confirmation limiting judicial review and giving arbitrators considerable leeway in rendering their decisions. *Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GMBH*, No. 16-24275-CIV-MORENO, 2017 WL 1737648, at * 3 (S.D. Fla. May 2, 2017) (quoting *Gerson v. UBS Fin. Serv. Inc.*, No. 12-22087-CIV-MORENO, 2012 WL 3962374, *2 (S.D. Fla. Sept. 10, 2012)); *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 973 (2d Cir. 1974) (noting an established "general pro-enforcement bias").

"The Court must 'confirm the [final award] unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said New York Convention under Article V.'" *INPROTSA*, 2017 WL 1737648, at * 3 (quoting 9 U.S.C. § 207); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (same). The objecting party faces a "'high threshold . . . to overturn an arbitration award under the New York Convention.'" *Id.* at *4 (quoting *Sural v. Gov't of Trinidad & Tobago*, No. 15-22825-CIV-MOORE, 2016 WL 4264061, at *5 (S.D. Fla. Aug. 12, 2016)); *VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013) ("[T]he party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the seven defenses applies."). Absent proof of an enumerated defense, the court must confirm the award. New York Convention, Art. V; 9 U.S.C. § 207.

Here, in response to the Petition, the only ground raised by Respondent to stall confirmation was a request to stay this proceeding under Article VI in favor of Colombian proceedings. *See* D.E. 8. This Court has denied that motion by Order [D.E. 16] dated December 28, 2017.[1] Otherwise, Respondent has failed to timely raise in its response any specific objection under Article V of the New York Convention to avoid confirmation.[2]

---

[1] On December 29, 2017, Respondent moved for reconsideration and clarification of the Court's Order. D.E. 17. However, there are no new grounds presented to alter the Court's decision. In addition, Respondent incorrectly asserts that the "Order is contrary to the New York Convention." *Id.* at 1. It is well-established that the "mere existence of a parallel foreign proceeding is not enough to stay confirmation of an award." *MGM Productions Group, Inc. v. Aeroflot Russian Airlines*, 573 F. Supp. 2d 772, 777 (S.D.N.Y. 2003) ("A district court should not automatically stay enforcement proceedings on the ground that parallel proceedings are pending in the originating country."); UNCITRAL Secretariat Guide on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958), 2016 ed. at 265 ("[A]rticle VI merely allows national courts to adjourn their decision on enforcement should they 'consider it proper'"). As the Court stated in its Order, Petitioners have already been prejudiced by Respondents' failure to compensate them on a final award issued a year and a half ago. D.E. 16. And, the foreign proceeding is estimated to last at least another year, if not more. *See* D.E. 8 at 8. Confirmation, and not a stay, is warranted.

[2] Although Respondent purports to have reserved her rights to plead objections in the future, such unilateral, unsubstantiated reservation in this summary proceeding should be held ineffective. Pursuant to Federal Rule of Civil

Accordingly, the Court must confirm the Award and enter final judgment against Viviane Ventura in the amount $273,878.50, inclusive of costs, in conformity with the Award.

### B. Petitioners are Entitled to Post-Award, Prejudgment Interest.

It is well-established that "federal law allows awards of post-arbitral award, prejudgment interest." *Indus. Risk Insurers*, 141 F.3d at 1446; *Compagnie des Bauxites de Guinee v. Hammermills, Inc.*, No. Civ. A. No. 90–0169 (JGP), 1992 WL 122712, at * 8 (D.D.C. May 29, 1992) ("Courts have consistently allowed prejudgment interest in actions brought to confirm arbitral awards."). Although a matter within the court's discretion, "absent any reason to the contrary, it should normally be awarded when damages have been liquidated by an international arbitral award." *Id.* at 1447 (citing *Waterside Ocean Navigation v. Int'l Navigation Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984) ("Absent persuasive reasons to the contrary, we do not see why pre-judgment interest should not be available in actions brought under the [New York] Convention.") (alternation in original)); *Reefer Express Lines Pty., Ltd. v. Gen. Auth. for Supply Commodities*, 714 F. Supp. 699, 699 (S.D.N.Y. 1989) ("Pre-judgment interest on an arbitration award is at the discretion of the district court, but is usually permitted, and should be granted in the absence of exceptional circumstances." (internal quotation marks omitted)). Prejudgment interest serves an important purpose of eliminating the losing party's incentive to withhold or stall payment contravening the goals of the New York Convention. *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011).

---

Procedure 81(c)(2), Respondent was required to present any defenses or objections with her initial filing. To that end, the only basis Respondent asserted to oppose confirmation was seeking a stay under Article VI of the New York Convention, which this Court denied. No Article V objections were raised. Respondent, thus, has failed to raise any cognizable defense to avoid confirmation.

4

The rate of interest, while not defined, is also a matter within the court's discretion. *Indus. Risk Insurers*, 141 F.3d at 1447. "That choice is usually guided by principles of reasonableness and fairness, relevant state law, and by the relevant fifty-two week United States Treasury bond rate . . . ." *Id.* The Eleventh Circuit has also approved the prime rate as the proper rate for prejudgment interest. *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003) ("The rate of pre-judgment interest that should be awarded is the prime rate during the relevant period.") (citing *First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) ("unless the rate is statutorily defined, the district court is bound to award prime interest rate, anything other will be an abuse of discretion")).

The current prime rate is 4.50% and is a reasonable and fair basis by which to calculate prejudgment interest. *See* http://fedprimerate.com/ (last visited on Jan. 3, 2018). For comparison purposes, Florida's statutory interest rate is higher at 5.53%. *See* https://www.myfloridacfo.com/Division/AA/Vendors/ (last visited on Jan. 3, 2018); Fla. Stat. § 55.03.

Thus, consistent with well-established federal law, Petitioners are entitled to post-award, prejudgment interest on the liquidated sum of $273,878.50 that remains unpaid since awarded on April 27, 2016. No circumstances exist to bar such interest, which serves the purpose of compensating Petitioners for Respondent's use of the unpaid funds that rightfully belonged to Petitioners. *Indus. Risk Insurers*, 141 F.3d at 1446-47 (quoting *Ins. Co. of N. Am. V. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990)).

## CONCLUSION

For the reasons herein, Petitioners have satisfied their obligations under Article IV of the New York Convention for the recognition and enforcement of the Award. Petitioners respectfully request that this Court confirm the Award and enter final judgment against Respondent Viviane Ventura consistent with the Award, along with post-award, prejudgment interest at the prime rate.

Dated: January 3, 2018

Respectfully submitted,

/s/ *Carlos F. Concepción*
Carlos F. Concepción
Florida Bar No. 0386730
Adrian Nuñez
Florida Bar. No. 048176
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL  33131
Telephone:    +1.305.714.9700
Facsimile:    +1.305.714.9799
E-mail:cconcepcion@jonesday.com
Email: anunez@jonesday.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 3, 2018, I electronically filed a true and correct copy of Petitioners' Motion for Entry of Final Judgment Including Award of Prejudgment Interest Against Respondent Viviane Ventura with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

                                          /s/ *Adrian Nuñez*
                                          Adrian Nuñez