UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-24380-CIV-MORENO

ESTHER VENTURA DE RENDON and JUAN
MARIA RENDON GUTIERREZ,

    Petitioners,

vs.

VIVIANE VENTURA and MICHAEL D.
VENTURA,

    Respondents.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Petition to Confirm the Arbitral Award **(D.E. 1-3)**. The Magistrate Judge filed a Report and Recommendation **(D.E. 49)** on **August 8, 2018**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the Petition to Confirm the Arbitral Award is GRANTED. Respondents' principal objection is that the Arbitral Award is invalid under the New York Convention Articles V(1)(a) and V(1)(d) because the appointed arbitrators were not Colombian nationals. Respondents claim that the appointment of foreign arbitrators is contrary to the parties' agreement to a domestic arbitration. This objection is without merit because the parties agreed to be bound by the International Chamber of Commerce Rules, which provides for the

appointment of arbitrators by that body. The Respondents' argument that Colombian law should have applied to decide the parameters of this arbitration is inconsistent with the parties' agreement. Therefore, the objection does not provide a basis for declaring the arbitral award invalid under the Convention.

Respondents also object that the arbitral panel exceeded its authority because it denied them an opportunity to present their counterclaim, which sought to find the parties' settlement agreement null and void due to fraud or mistake. This counterclaim was originally included in the terms of reference, but then later withdrawn by Respondents. Respondents' argument is that the arbitral award inappropriately adjudicates the withdrawn counterclaim when it states that "in this arbitration, it is not demonstrated the existence of an illicit cause in the subscription of the Settlement Agreement." In Respondents' view, this statement constitutes an adjudication of the counterclaim. The Court agrees with the Report and Recommendation that the Respondents have not met their burden on this issue. Although the arbitral tribunal noted the lack of evidence on the counterclaim, it also expressly stated in the award that withdrawal of the counterclaim was accepted without prejudice, allowing such claims to proceed in a future arbitration. *See* Arbitral Award (D.E. 1-13 at ¶ 59).

Respondents' final objection is that the award violates public policy because it was procured by fraud. In their objections, the Respondents provide a conclusory statement that they were defrauded. This statement is insufficient to meet the burden that this arbitral award is void as against public policy as required by the New York Convention Article V(2)(b).

DONE AND ORDERED in Chambers at Miami, Florida, this __10th__ of September 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

2

Copies furnished to:
United States Magistrate Judge Lauren F. Louis
Counsel of Record