UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-24380-CIV MORENO

ESTHER VENTURA DE RENDON and JUAN
MARIA RENDON GUTIERREZ,

        Petitioners,

vs,

VIVIANE VENTURA and MICHAEL D.
VENTURA,

        Respondents.

_____/

**RESPONDENT VIVIANE VENTURA'S MOTION
TO QUASH AND MOTION FOR PROTECTIVE ORDER**

        Pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, Viviane Ventura files this Motion to Quash and Motion for Protective Order for the non-party subpoena (the "Subpoena") served on VV International, Inc.

**INTRODUCTION**

        VV International is a non-party to this proceeding. Ms. Ventura, on behalf of VV International, is contractually obligated to maintain the confidentiality of information provided to VV International by its many clients, including the client's identity and fees paid to VV International. Petitioners, Esther Ventura De Rendon and Juan Maria Rendon Gutierrez ("Petitioners") served VV International with a subpoena issued pursuant to Federal Rule of Civil Procedure 45. Petitioners' Subpoena seeks documents and information involving VV International's financial records, including documents relating to "sources of income," "payments or other financial transfers made to Ventura" and "communications between VV International and Ventura related to payments made to Ventura[.]" *See* Exhibit A, Subpoena, at ¶¶ 2, 4, and 9.

1

Under Rule 45, a district court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(3)(A)(iii). Here, Petitioners' Subpoena requires the disclosure of protected information. Compliance with the Subpoena would require VV International to violate the confidentiality provisions of its client agreements.

Moreover, to protect a person subject to a subpoena, Rule 45 allows a district court to quash or modify a subpoena if it requires the disclosing of a trade secret or other confidential commercial information. Fed. R. Civ. P. 45(3)B)(i). Here, the Subpoena requires the disclosure of VV International's client identities and payment information—confidential commercial information that would, if disclosed, violate the terms of VV International's client agreements. Therefore, VV International's Motion to Quash should be granted and a Protective Order issued to prevent and/or limit this third-party discovery.

## ARGUMENT

### I. The Subpoena Requires the Disclosure of Protected Information

Petitioners' Subpoena must be quashed because it requires the disclosure of protected information. Under Rule 45, a district court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(3)(A)(iii). Petitioners' Subpoena requests financial information that includes VV International's client identity and payment information. VV International is contractually obligated to keep this sensitive information confidential. VV International has not agreed to waive the confidentiality of its agreement with its clients. *See Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 513 (M.D. Fla. 2007) (holding that nonparty was permitted to withhold information which was subject to non-disclosure and secrecy agreements).

Thus, the information sought in Petitioners' Subpoena requires VV International to disclose protected information. Accordingly, Petitioners' Subpoena must be quashed.

## II. The Subpoena Requires the Disclosure of VV International's Trade Secrets and other Confidential Commercial Information

Rule 45 provides that a court may place conditions upon the production of documents where the request requires the disclosure of a trade secret or other confidential commercial information when the party seeking discovery shows a substantial need for the material that cannot otherwise be met without undue hardship. Fed. R. Civ. P. 45(c)(3)(B)(i). Petitioners seek information from VV International that would require VV International to disclose the identity of its clients and payment information relating to those clients. VV International derives economic value from this type of information and has made reasonable efforts, *i.e*, through confidentiality provisions, to maintain the confidentiality of such information. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty*, 808 F. Supp. 1555, 1558) S.D. Fla. 1992) (customer list was a trade secret because Plaintiff took measures to ensure the lists confidentiality), *aff'd*, 2 F.3d 405 (11th Cir. 1993). This protected information falls within the trade secret definition. *See Fadalla*, 258 F.R.D. at 513.

Disclosure of these trade secrets would be harmful because it would require VV International to breach its client agreements. It is critical to VV International's business to maintain the confidentiality of its client base and payment information. If disclosed, this information could greatly harm VV International's business by causing its clients to lose faith in VV International's ability to maintain the confidentiality of their identity and payment information. Disclosure would thus harm VV International. *See id.* (disclosure that requires the respondent to breach non-disclosure agreements is harmful).

Because Petitioners' Subpoena requires disclosure of trade secret and other confidential commercial information, the Court should quash the Subpoena.

WHEREFORE, Ms. Ventura respectfully requests that this Court grant its Motion to Quash the Subpoena served on VV International.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.l (a)(3)(A), I hereby certify that counsel for Ms. Ventura has conferred with counsel for Petitioners in a good faith effort to resolve the issues. The parties have been unable to resolve the issues presented herein.

Dated: March 1, 2019

           Respectfully submitted,

           BAKER & McKENZIE LLP
           *Attorneys for Viviane Ventura and Michael D. Ventura*
           Sabadell Financial Center
           1111 Brickell Avenue, Suite 1700
           Miami, Florida 33131
           Telephone: (305) 789-8900
           Facsimile:  (305) 789-8953

           By: /s/ Jessica Marroquin
           Jessica Marroquin
           Florida Bar No.: 105360
           jessica.marroquin@bakermckenzie.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Jessica Marroquin<br>
Jessica Marroquin

## SERVICE LIST

**ESTHER VENTURA DE RENDÓN and
JUAN MARÍA RENDÓN GUTIÉRREZ,
v.
VIVIANE VENTURA and MICHAEL D.
VENTURA,
Case No.: 17-24380-CIV-Moreno/Turnoff**

<u>Counsel for Petitioners</u>

Carlos F. Concepción
Shook, Hardy & Bacon
Citigroup Center
Suite 3200
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-5171
Fax: (305) 358-7470
Email: cconcepcion@shb.com