UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-24380-CIV-MORENO/LOUIS

ESTHER VENTURA DE RENDÓN and
JUAN MARÍA RENDÓN GUTIÉRREZ,

        Petitioners,

v.

VIVIANE VENTURA and MICHAEL
D. VENTURA,

        Respondents.

## PETITIONERS' RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION TO STAY PROCEEDINGS

Petitioners Esther Ventura de Rendón and Juan María Rendón Guitiérrez respectfully submit this Response in Opposition to Respondents' Motion to Stay Proceedings (the "Motion"), ECF No. 80, and state:

### INTRODUCTION

On April 27, 2016, an arbitral panel of the International Court of Arbitration of the International Chamber of Commerce in Bogota, Colombia awarded Petitioners $900,000 plus $173,878.50 in fees and costs (the "Arbitration Award") related to a commercial dispute against Respondents. For the nearly three years since the arbitral panel issued the Arbitration Award, Respondents have sought every avenue possible to avoid satisfying their legal obligation to Petitioners. Indeed, in the instant confirmation proceedings Respondents have twice previously moved this court for stay. *See* ECF Nos. 8, 13, and 41. This Court has denied both requests. *See* ECF Nos. 16 and 44. Nevertheless, Respondents—for a third time—ask this Court to stay

1

860270

proceedings, ostensibly because "lead counsel" for Respondents, Luis O'Naghten, has transitioned to a different firm.

This Court has confirmed Petitioners' Arbitration Award. *See* ECF No. 58. Petitioners' now have every right to execute on this award in the United States. Because Respondents present no valid basis to stay these proceedings and prevent Petitioners from satisfying a nearly three-year old judgment, Respondents' motion should be denied.

## ARGUMENT

### A. Respondents Continue to Maintain Adequate Representation

Respondents' Motion presents no legal basis for their requested stay. Instead, Respondents argue that a 30-day stay is warranted due to "lead counsel" Luis O'Naghten's "last day at Baker & McKenzie" occurring on February 15, 2019. Motion at ¶ 8. Despite his departure, Mr. O'Naghten has not moved to withdraw from the representation of Respondents, nor does the Motion argue that he intends to. Indeed, the undersigned has not received notice of such intent as required by Southern District of Florida Local Rule 11.1(d)(3). Mr. O'Naghten did not retire, otherwise leave the practice of law altogether, or take an in-house counsel position. Instead, Mr. O'Naghten left Baker & McKenzie for a position with another law firm: Hughes Hubbard & Reed. *See* https://www.hugheshubbard.com/attorneys/luis-onaghten. But even if Mr. O'Naghten's withdrawal were imminent, Respondents would continue to be represented by Baker & McKenzie attorneys Jessica Marroquin and William Vito Roppolo, Jr.[1]

Moreover, the Motion contains no argument that Respondents were unaware Mr. O'Naghten intended to depart his current firm or, in the alternative, that Respondents were unsatisfied with the representation they were and are presently receiving from their attorneys at

---

[1] Ms. Marroquin has served as counsel for Respondents since removal of this action from state court in December 2017.

2

860270

Baker & McKenzie. Nor does the Motion assert that Mr. O'Naghten's departure came in such a fashion that a stay is necessary for Baker & McKenzie to "appoint counsel within the Firm to take over this matter." Motion at ¶ 9. By all appearances, each party involved has had adequate time to prepare for and accommodate Mr. O'Naghten's lateral move.[2] Because Respondents' Motion fails to identify any substantive reason that a stay is warranted, the request for stay should be denied. *See, e.g. Cargile-Schrage v. Schrage*, 908 So. 2d 528, 529 (Fla. 4th DCA 2005) (affirming trial court's denial of continuance where substitution of counsel occurred six days before trial); *Cole v. Heritage Communities, Inc.*, 838 S0. 2d 1237 (Fla. 5th DCA 2003) ("the withdrawal of an attorney does not give the client an absolute right to a continuance").

**B. Respondents Have Sought to Delay Every Step of These Confirmation Proceedings**

For nearly three years, Petitioners have attempted to collect on the over $1.1 million dollar judgment entered against the Respondents. At every step along the way, Respondents have sought to delay and obstruct these efforts. Indeed, in the these very confirmation proceedings, intended by the Federal Arbitration Act to be mere summary proceeding[s], Respondents have: (1) moved to stay this action three times (ECF Nos. 8, 13, 41, and 80); (2) sought to re-litigate the underlying arbitration proceedings and open discovery into the facts underlying the arbitration claims (ECF No. 23); (3) objected to disbursement of the funds currently on deposit within the Court registry (ECF No. 72); (4) failed to respond to written discovery in aid of execution; (5) failed to attend a deposition in aid of execution; (6) failed to respond to multiple requests to depose Respondent Michael Ventura in aid of execution; (7) continued to prosecute an appeal of the final judgment entered in this case (ECF No. 62) on grounds that have already been considered *and rejected* by

---

[2] Indeed, if, as argued in the Motion, Mr. O'Naghten left Baker & McKenzie on February 15, 2019, then by the time Respondents' deadline to file a reply has passed, 26 days of Respondents' requested 30-day stay will have already elapsed.

3

860270

the Colombian Supreme Court, s*ee* Order, Corte Suprema de Justicia [C.S.J.] [Supreme Court], Sala. De Casación Civil, File No. 11001-02-03-000-2016-03020-00, Jan. 17, 2019 (certified translation), attached hereto as **Exhibit A**; (8) moved for two extensions of time on that appeal totaling 75 additional days to file an opening brief; and (9) moved to quash third-party subpoenas directed to Viviane Ventura's namesake business entity, VV International, the most likely source—other than Ms. Ventura herself—of information regarding her assets (ECF No. 81).

Respondents are certainly free to defend their interests as they feel appropriate. Nevertheless, each motion for stay, perfunctory objection, and failure to comply with discovery in aid of execution only increases the resources expended to enforce an arbitration award that, by all reasonable measures, should have been resolved years ago. Petitioners have proffered no legal basis justifying the requested stay, and all further delays continue to exacerbate the harm the arbitral panel sought to resolve.

## CONCLUSION

Because Respondents continue to maintain adequate representation and any further delays to these proceedings accrue only to the detriment of Petitioners, Respondents' Motion to Stay Proceedings should be denied.

Dated: March 6, 2019

Respectfully submitted,

 /s/ Eric S. Boos
Carlos F. Concepción
Florida Bar No. 0386730
Eric S. Boos
Florida Bar No. 0107673
SHOOK, HARDY & BACON, LLP
Citigroup Center
Suite 3200
201 S. Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: 305.358.5171

4

Facsimile: 305.358.7470
Email: cconcepcion@shb.com
Email: eboos@shb.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by using the CM/ECF system on March 6, 2019 on all counsel or parties of record on the Service List below.

By: /s/ Eric S. Boos
Eric S. Boos

## SERVICE LIST

William Vito Roppolo, Jr.
William.roppolo@bakermckenzie.com
Jessica Marroquin
Jessica.marroquin@bakermckenzie.com
BAKER & MCKENZIE LLP
1111 Brickell Avenue, Suite 1700
Sabadell Financial Center
Miami, Florida 33133
Telephone: 305.789.8900
Facsimile: 305.789.8953

Luis O'Naghten
Luis.onaghten@hugheshubbard.com
Hughes Hubbard & Reed LLP
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.1666
Facsimile: 305.371.8759

(Service via CM/ECF)

*Counsel for Respondents*

860270

6

860270